UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER WINOWIECKI,

    Petitioner,

v.

LORI GIDLEY, *Warden*

    Respondent.

Case No. 16-14270
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS [4]**

    Christopher Winowiecki filed a petition for a writ of habeas corpus. (R. 1.) Winowiecki challenges his state-court convictions for multiple counts of criminal sexual conduct. Winowiecki raises four claims for relief, some of which, he admits, are not properly exhausted.

    In response, the Warden filed a motion to dismiss. Yet dismissal of Winowiecki's current petition would jeopardize the timeliness of a future petition. So the Court will deny the Warden's motion, grant Winowiecki's request for a stay, establish conditions under which Winowiecki must proceed, and administratively close the matter.

**I.**

    A jury convicted Winowiecki on two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b), one count of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(b), and one count of attempted first-degree criminal sexual conduct, Mich. Comp. Laws § 750.92. (R. 1, PID 1–2.) He received a lengthy prison sentence. (R. 1, PID 1.)

    Winowiecki filed a direct appeal. He raised three issues: a Fifth and Sixth Amendment challenge to the prosecutor's opening and closing statements, a due process challenge to his sentence, and an ineffective-assistance-of-counsel claim. (R. 1, PID 4–5.) The Michigan Court of

Appeals rejected all three. *See People v. Winowiecki*, No. 317821, 2015 WL 340266 (Mich. Ct. App. Jan. 27, 2015).

Winowiecki then filed an application for leave to appeal in the Michigan Supreme Court. He whittled his claims down to two: the challenge to the prosecutor's opening and closing alongside a new, speedy trial claim. (R. 4, PID 33.) The Michigan Supreme Court denied leave to appeal. *People v. Winowiecki*, 498 Mich. 973 (Mich. Sept. 9, 2015).

Winowiecki then filed this petition for a writ of habeas corpus. Winowiecki's petition returns to the initial three claims raised with the Michigan Court of Appeals, drops the speedy trial claim, and adds another ineffective-assistance-of-counsel claim. (R. 1, PID 17–18.)

Responding to the petition, the Warden says Winowiecki failed to exhaust three of the four claims raised in the petition. (R. 1, PID 35.) Winowiecki concedes the point, and not wanting to abandon his unexhausted claims, asks the Court to stay further proceedings while he returns to state court to exhaust. (R. 5, PID 41–42.)

**II.**

A state prisoner must exhaust available remedies in state court before raising a claim in a petition for a writ of habeas corpus. *See* 28 U.S.C. §§ 2254(b), 2254(c). To satisfy the exhaustion requirement, all claims must be "fairly presented" to the state courts, meaning that the petitioner must have put before the state courts both the factual and legal bases for the claims. *See Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004). Presenting the factual and legal bases requires Winowiecki to undergo "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In practice, "one full round" means presenting each issue to both the Michigan Court of Appeals and the Michigan Supreme Court. *See Morse v. Trippett*, 37 F. App'x 96, 103 (6th Cir. 2002).

**III.**

As mentioned, Winowiecki concedes that he failed to exhaust three of the four claims in his petition. When presented with a habeas corpus petition containing exhausted and unexhausted claims, this Court has numerous options. *See Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009). One is to "stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ." *Id.* (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)). This option applies where outright dismissal of the petition jeopardizes the timeliness of a future petition, there exists good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." *Rhines*, 544 U.S. at 278.

The "stay-and-abeyance" procedure makes sense here. Dismissing the petition in its entirety would likely render a future habeas petition untimely. Winowiecki's one-year limitations period started running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As the Michigan Supreme Court denied Winowiecki's application for leave to appeal on September 9, 2015. Winowiecki's convictions became final ninety days later, on December 8, 2015 (when the time for filing a petition for a writ of certiorari in the United States Supreme Court expired). The one-year limitations period commenced the following day, December 9, 2015. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). Winowiecki filed his petition on December 7, 2016—two days before the limitations period expired. So absent a stay, Winowiecki would have to file a state-court motion for relief from judgment the day after this Court dismissed his petition and then refile a federal habeas corpus petition the day after the state courts were done with that motion. *See* 28 U.S.C. § 2244(d)(2) (providing tolling while state post-conviction motion

is pending). The difficulty of completing this task means there is a high risk that Winowiecki will not have an opportunity for habeas corpus relief should his petition be dismissed now.

Winowiecki says he does not want to abandon his unexhausted claims and the Court sees no reason to force him to do so. Though the Rule 5 materials are not yet in the record, Winowiecki at a minimum raises constitutional claims cognizable on habeas corpus review. And with respect to his Fifth and Sixth Amendment claim, the Michigan Court of Appeals found a colorable argument for reversible error. *See People v. Winowiecki*, No. 317821, 2015 Mich. App. LEXIS 133, at *9 (Mich. Ct. App. Jan. 27, 2015). On his sentencing claim, Winowiecki's petition makes clear that he is raising a federal, due process challenge. (R. 1, PID 17.)

Winowiecki's ineffective-assistance claims also do not appear to be plainly meritless. To understand them requires a few extra facts. First, the charges against Winowiecki stemmed from allegations that he sexually abused his fifteen-year-old daughter. Second, Winowiecki's ex-wife testified against him. So Winowiecki's first ineffective-assistance claim, raised on direct review in a Standard 4, *pro se* brief, challenges his trial attorney's decision not to admit into evidence prior court and police records allegedly revealing inconsistencies in Winowiecki's ex-wife's testimony. However, the Court of Appeals rejected the claim because Winowiecki's *pro se* brief did not properly preserve the issue. Accordingly, his second ineffective-assistance claim challenges his trial counsel's failure to provide the requisite clerical support for Winowiecki's Standard 4 brief. As Winowiecki says his ex-wife's testimony was a large part of the state's evidence, and the *pro se* brief suffered from procedural defects possibly attributable to a lack of clerical support, there may be some merit to Winowiecki's claims. And the state courts may conduct an evidentiary hearing or otherwise allow Winowiecki to supplement the record as allowed by state law.

Finally, Winowiecki's ineffective-assistance-of-appellate-counsel claim is sufficient to allege good cause for failure to exhaust his state court remedies. (R. 1, PID 23.) And nothing in the record suggests Winowiecki engaged in intentionally dilatory tactics. So the Court will stay the proceeding.

Accordingly, the Court DENIES the Warden's motion to dismiss (R. 4), and GRANTS Winowiecki's request for a stay (R. 5). If he has not already done so, Winowiecki must file a motion for relief from judgment in state court within sixty days from the entry of this order. Upon exhausting his state court remedies, if Winowiecki wishes to reopen this habeas corpus proceeding, he must so move within sixty days after the conclusion of state-court, post-conviction proceedings. Finally, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of the petition.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
Dated: March 14, 2018  U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 14, 2018.

s/Shawna C. Burns, on behalf of
Keisha Jackson, Case Manager to the
Honorable Laurie J. Michelson